Jerry L. **GENT**, Plaintiff,

v.

**RADFORD UNIVERSITY,**
et al., Defendants.

**Civil Action No. 97–91–A.**

United States District Court,
W.D. Virginia,
Abingdon Division.

June 19, 1997.

---

**392**

Jerry Lee Grant, Lebanon, VA, for Plaintiff.

Maureen Fay Riley Matsen, Office of the Attorney General, Richmond, VA, for Defendant.

## OPINION

JONES, District Judge.

The defendants have moved to dismiss this pro se action brought under section 504 of the Rehabilitation Act of 1973[1] and Title II of the Americans with Disabilities Act[2] on the ground that even accepting as true the allegations of the complaint, the plaintiff has failed to state a claim on which relief can be granted. I agree, and will dismiss the case.

### I

The plaintiff, Jerry L. Gent, sues Radford University, a state institution of higher education, its president and the dean of its school of social work, because he was denied admission to the graduate program in social work on May 6, 1997. Gent alleges that he is disabled within the meaning of federal law,[3] and claims that he was denied admission because of his disability, which was known to the defendants. He seeks relief in the form of an order giving him "equal opportunity for admissions."

The defendants filed a motion to dismiss, and after being given a *Roseboro*[4] notice, Gent has responded. The motion to dismiss is now ready for decision.

### II

Gent alleges in his complaint, and in his *Roseboro* response, that the school of social work requires an undergraduate grade point average of at least 2.7 for admission to the graduate program. He alleges that his grade point average was 2.26 at the time he received his undergraduate degree from the University of Tennessee in 1984.

In order to prevail under the Rehabilitation Act, or the Americans with Disabilities Act ("ADA"), a plaintiff must prove that he is qualified for the federally funded program to which he has applied. Under the Rehabilitation Act, an "otherwise qualified" individual is "one who is able to meet all of a program's requirements in spite of his handicap." *Southeastern Community College v. Davis*, 442 U.S. 397, 406, 99 S.Ct. 2361, 2367, 60 L.Ed.2d 980 (1979). The ADA defines a "qualified individual with a disability" as one who "with or without reasonable modifications to rules, policies, or practices ... meets the essential eligibility requirements for ... the participation in [a] program[ ] ... provided by a public entity." 42 U.S.C.A. § 12131(2) (West 1995). *See Betts v. Rector University of Virginia*, 939 F.Supp. 461, 467 (W.D.Va.1996). The defendants assert that since Gent admits that he does not meet the minimum qualifications for admission, he cannot state a cause of action.

In his *Roseboro* response, Gent argues that the school should have considered his practical experience in the field of social work, as well as the fact that his grade point average in his junior and senior years was higher

---

1. 29 U.S.C.A. § 794(a) (West 1985 & Supp 1997).

2. 42 U.S.C.A. § 12132 (West 1995).

3. Gent does not specify in his complaint the nature of his disability. However, he is a prolific pro se litigator in this and other courts, and the records in some of those cases reveal that he suffers from a mental illness. *See Gent v. Depart-ment for Rights of Virginians with Disabilities*, No. 96–0155–A, 1997 WL 757878 (W.D.Va. Feb. 12, 1997), *aff'd per curiam*, No. 97–1254, 1997 WL 232529, 113 F.3d 1231 (4th Cir. May 8, 1997).

4. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

than the minimum requirement and that he has completed additional college work since his graduation in 1984. However, he does not contend that the school has admitted other persons, with or without disabilities, who had similar additional qualifications, but who did not have the minimum required undergraduate grade point average. Nor does he allege that the minimum grade point average requirement has any disparate impact on persons with disabilities.

### III

Under these circumstances, the plaintiff's complaint shows on its face that he cannot state a proper cause of action, and accordingly, the motion to dismiss must be granted.

An appropriate final judgment will issue.